## In re TOWN OF BELLEAIR, FLA.

### No. 10062.

Circuit Court of Appeals, Fifth Circuit.
March 31, 1942.

As Modified on Denial of Rehearing
June 2, 1942.

O. K. Reaves, of Tampa, Fla., and D. G. Haley, of Sarasota, Fla., for appellants, Town of Belleair, D. G. Haley and Mabry, Reaves, Carlton & White.

Joseph P. Lea, Jr., and Robert J. Pleus, both of Orlando, Fla., for appellants R. S. Groves and George E. Wainscott.

S. O. Carson, of Miami, Fla., for appellant Ed. C. Wright & Co.

M. A. McMullen, Chester B. McMullen, and Cyril E. Pogue, all of Clearwater, Fla., for appellants T. R. Palmer and Garret A. Hobart.

Giles J. Patterson, of Jacksonville, Fla., for Bernice A. Roe.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

### PER CURIAM.

The town of Belleair, Florida, filed a petition in bankruptcy under the provisions of the Municipal Bankruptcy Act, 11 U.S.C.A. § 401 et seq., alleging insolvency, and submitted a plan of composition. The plan was referred to a master to take the evidence and report his conclusions. The master's report was excepted to in certain particulars by the town and about eight of the creditors. After a hearing, the Court was of the opinion that the plan discriminated unfairly against the non-property holding bondholders, whose bonds should be refunded at a higher rate than the property holding bondholders. In other respects the report of the master was approved. The order stated that petitioner, having made known its desire to submit an amended or modified plan, was allowed 60 days from the date of the order in which to prepare and file same. The town and two different groups of creditors appealed from parts of the order but not from the entire order. Motions were made to dismiss the appeals on the ground that the order was not a final judgment and not appealable.

The Act of June 22, 1938, T. 11 U.S.C.A. § 403, sub. e, provides for a hearing on objections to the plan at the conclusion of which the Judge shall make written findings of fact and conclusions of law thereon and shall enter an interlocutory decree confirming the plan if satisfied that it is fair, equitable and for the best interests of the creditors and does not discriminate unfairly in favor of any creditor or class of creditors; that a final judgment shall be entered after the plan as approved is complied with; that before a plan is confirmed, changes and modifications may be made therein with the approval of the judge, after hearing, upon notice; and that either party may appeal from the interlocutory decree as in equity cases.

The District Court did not make findings of fact nor state his conclusions of law except as included in the order. It is apparent that neither an interlocutory decree approving nor disapproving the plan was entered but such action, either way, was postponed until a new plan was submitted. Appellants contend that the portions of the order appealed from would militate against them and are appealable under the provisions of Section 47, T. 11 U.S.C.A., which allow an appeal in a proceeding in bankruptcy and in controversies arising in proceedings in bankruptcy.

The order of the court allowing a modified plan to be submitted is in the nature of the granting of a new trial, which is not appealable. The rights of appellants are not affected by the order. If a modified plan is presented and either approved or disapproved or if the town fails to

submit a modified plan within the time allowed, an appeal may be then taken from the action of the District Court. The appeals were taken within nine days after the order was entered. They were premature and ineffective. The motions to dismiss will be granted. The appeals are dismissed and the case is remanded for further proceedings. Appellants to pay costs of appeal.