542

**TOWN OF BELLEAIR, FLA., v. GROVES et al.**

**GROVES et al. v. TOWN OF BELLEAIR, FLA.**

No. 10475.

Circuit Court of Appeals, Fifth Circuit.

Dec. 29, 1942.

O. K. Reaves, of Tampa, Fla., and D. G. Haley, of Sarasota, Fla., for appellant, Town of Belleair, Fla., debtor.

Joseph P. Lea, of Orlando, Fla., Giles J. Patterson, of Jacksonville, Fla., and Stuart B. Warren, of St. Petersburg, Fla., for R. S. Groves et al.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Proceeding under Chapter IX of the Bankruptcy Act,[1] the Town of Belleair, Florida, filed a petition for confirmation of a plan of composition of its debts. Upon the first hearing of the petition the district judge refused to confirm the plan, on the ground, among others, that the plan discriminated unfairly between creditors of the same class, and the City was given sixty days in which to file an amended plan. After an attempt to appeal from that order failed,[2] an amended plan was filed, which wholly failed to satisfy the objections pointed out by the court on the previous hearing. Accordingly, the court again refused to confirm the proposal, and entered a decree dismissing the proceeding. The City appealed.

Section 83, sub. e(1) of the Bankruptcy Act required the district court to dismiss the proceedings unless it was satisfied that the proposal was fair, equitable, for the best interests of the creditors, and did not discriminate unfairly in favor of any creditor or class of creditors.[3] The consenting bondholders, who held 68% of the bonds of the municipality, also owned an appreciable quantity of the taxable property in the City. A substantial portion of their bonds had been acquired at the proposed rate of settlement for the purpose of instituting the bankruptcy proceedings.

The proposed plan of composition provided for the retirement of the bonds held by property-owning bondholders on the same basis as those held by non-property-owning bondholders. If the plan were consummated, the bonded indebtedness of the City would be reduced in excess of $1,000,000, tax levies upon municipal property would be appreciably lessened, and property values in the City would be correspondingly enhanced. It is thus clear that the property-owning bondholders would receive benefits, above and apart from the surrender price proposed for their

---

[1] 11 U.S.C.A. § 401 et seq.

[2] In re Town of Belleair, 5 Cir., 127 F.2d 279.

[3] 11 U.S.C.A. § 403, sub. e (1).

bonds, in which the other bondholders would not participate, and that such special benefits were substantial inducements toward approval of the plan.[4]

In such bankruptcy proceedings it is the duty of the court to withhold confirmation unless it is satisfied that the plan embodies a fair and equitable bargain openly arrived at and devoid of overreaching.[5] The court below thought that it would violate the requirement of good faith in offer and acceptance to permit bondholders, whose consent to the proposal was induced by special interests akin to those of the debtor, to bind others who dealt as creditors only. It, accordingly, held that the plan did not satisfy the requirements of the Act. We cannot say that the court erred in so doing.

The judgment is affirmed.

I. W. Sharp, of Cleveland, Ohio (Richard Inglis and R. G. Hengst, both of Cleveland, Ohio, on the brief), for petitioner.

Lyle M. Turner, Spec. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Joseph M. Jones, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SIMONS, ALLEN, and McALLISTER, Circuit Judges.

---

[4] American United Mutual Life Ins. Co. v. Avon Park, 311 U.S. 138, 61 S. Ct. 157, 85 L.Ed. 91; Kaufman County Levee Imp. Dist. v. Mitchell, 5 Cir., 116 F.2d 959.

[5] American United Mutual Life Ins. Co. v. Avon Park, 311 U.S. 138, 61 S.Ct. 157, 85 L.Ed. 91.