### In re P–R HOLDING CORPORATION.
### No. 240.

Circuit Court of Appeals, Second Circuit.
March 6, 1945.

David Haar, of New York City, for appellants.

Simpson, Thacher & Bartlett, of New York City (Hamilton C. Rickaby, Robert H. O'Brien, and Benjamin C. Milner, III, all of New York City, of counsel), for appellee Max L. Finkelstein, trustee.

Maurice Miller, of New York City, for appellees David Bisgeier and Hyman I. Cohen.

Roger S. Foster and Milton V. Freeman, both of Philadelphia, Pa., and George Zolotar, of New York City (Samuel M. Koenigsberg, and Kiva Berke, both of New York City, of counsel), for Securities and Exchange Commission.

Before EVANS, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. The first question we face is whether or not the action of Bisgeier and Cohen in purchasing certificates for the purpose of securing the approval of the plan was in "good faith," for a finding that these purchases were in "good faith" would preclude the consideration of any other questions. The mere fact that a purchase of creditors' interests is for the purpose of securing the approval or rejection of a plan does not of itself amount to "bad faith." When that purchase is in aid of an interest other than an interest as a creditor, such purchases may amount to "bad faith" under section 203 of the Bankruptcy Act, 11 U.S.C.A. § 603. Cf. Town of Bellaire, Fla. v. Groves, 5 Cir., 132 F.2d 542, certiorari denied 318 U.S. 767, 63 S.Ct. 762, 87 L.Ed. 1140. And certainly there is "bad faith" when those purchases result in a discrimination in favor of the creditors selling their interests. Cf. American United Mutual Life Ins. Co. v. City of Avon Park, 311 U.S.

138, 147, 61 S.Ct. 157, 85 L.Ed. 91, 136 A.L.R. 860; Kaufman County Levee Improvement District No. 4 v. Mitchell, 5 Cir., 116 F.2d 959. We conclude that the Bisgeier and Cohen purchases were in "bad faith." The certificates they purchased were therefore correctly "disqualified for the purpose of determining the requisite majority for the acceptance of the plan." Bankruptcy Act § 203, 11 U.S.C.A. § 603. Mokava Corporation v. Dolan, 2 Cir., 147 F.2d 340, is not apposite. There the acceptances intended to be frustrated through the purchases by an opponent of the plan had been cast by "members of a class invalidly constituted," the purchase was of the claims of an entire class at par and accrued interest, and there was nothing to indicate any lack of good faith or unfair discrimination.

■ 2. Section 203 of the Bankruptcy Act provides for a hearing before a finding of lack of "good faith." But Bisgeier and Cohen admitted the facts on which the disqualification rests. The appellant complains about lack of hearing, but since the purchased certificates were not counted in the voting, it is difficult to see what results could be achieved by a further hearing.

■ 3. The appellant argues that since the certificates purchased by Bisgeier and Cohen were not purchased in "good faith", not only are they not to be voted, but the negative votes of the previous holders of the certificates are to be reinstated. Should we accept this contention, there would not have been a sufficient number of votes to approve the plan. But we do not accept that argument. The statute (§ 203) provides for the "disqualification" of creditors' interests which have not been purchased in good faith. The court below carried out the mandate of the statute by refusing to accredit the certificates voted by Bisgeier and Cohen. To permit the votes of former certificate holders to be counted would be to permit those with no interest in the plan to control its acceptance. It would mean disregard of the approval of two-thirds of the certificate holders who have retained an interest in the enterprise. We hold that the necessary number of votes for approval of the plan by the creditors was secured.

■ 4. It is contended that the creditors never had a chance to vote on the modified plan. But the District Court need not submit for approval such modifications as necessarily benefit the creditors. Bankruptcy Act, § 222, 11 U.S.C.A. §§ 622.

■ 5. It is argued that since the purchase of the certificates resulted in discrimination in favor of those creditors who sold to Bisgeier and Cohen, the plan must be rejected as not "fair and equitable." We find ourselves pulled in two directions here. We agree that the purchases by Bisgeier and Cohen resulted in an inequity among the creditors, since those who sold to Bisgeier and Cohen received 50 cents in cash, while the plan provided for payment of 50 cents on the dollar, partly in cash and largely in mortgage securities. At the same time, we are convinced that the confirmation was in the best interests of the certificate holders. If it were possible to protect the interests of the other certificate holders and at the same time eliminate the discrimination, our path would be an easy one.[2] But it appears that the original offer of Bisgeier and Cohen was the best available. Subsequently, the offer was made even more attractive to the creditors by the cancellation of participation of $147,798 worth of certificates and the resulting increase in cash distribution per share and decrease in the mortgage. We cannot recreate the status quo ante.[3] We agree with the S.E.C.'s assertion that "when confronted with acts of discrimination, the powers of a court of equity are not confined to a mechanical denial of confirmation." It is the duty of the court to choose the path most advantageous to the remaining creditors.

[2] "The Choice of Hercules, of which the Greek myth makes so much, has always seemed to me too obvious. Anybody knows how to choose between Virtue and Vice. What worries us is the constant necessity of deciding between two nearly right courses of action. Such a decision may well cause agonized hours of hesitation before it is made." Chafee, Book Review, 56 Harv.L.Rev. 833, 836 (1943).

[3] Should we send the plan back for reconsideration and find that as a result Bisgeier and Cohen withdraw their offer, the certificateholders would be faced with a choice of accepting one of the less advantageous offers or a sale at public auction. Neither of these promises much hope to the certificateholders of a return equal to the one they receive under the plan as it now stands.

It is urged that we should "preserve the integrity of the reorganization process." We should indeed. But the basic purpose of Chapter X is to procure a plan which will best serve the parties legitimately interested; and a reversal here, on the facts before us, would defeat that purpose. Justice will not be achieved by a decision purporting to vindicate a principle which injures those whom the principle was designed to protect. Principles are what principles do.

6. The appellant asserts that Bisgeier and Cohen should have reported the fees paid to Newburger, Loeb & Co. for acting as broker in the purchase of the certificates. It is true that § 221, subd. 4, 11 U.S.C.A. § 621, subd. 4, requires that all compensation for services rendered in the reorganization proceeding or in connection with the plan be submitted to judicial scrutiny. This section aimed to eliminate the practice of fixing reorganization fees and expenses by private arrangement, thereby decreasing the effective amount of recovery of the creditors. But it obviously was not intended to require the approval by the court of matters like the commissions paid a broker for the purchase of creditors' certificates.

Affirmed.