**In re FEDERAL SUPPORT COMPANY, Debtor (Two Cases).**

**INSINGER MACHINE COMPANY, Creditor–Appellant,**

**and**

**Sterling Equipment Company; Baker Sheet Metal, Creditors,**

**v.**

**FEDERAL SUPPORT COMPANY, Debtor–Appellee.**

**INSINGER MACHINE COMPANY; Sterling Equipment Company; Baker Sheet Metal, Creditors–Appellees,**

**v.**

**FEDERAL SUPPORT COMPANY, Debtor–Appellant.**

**Nos. 87–1695, 87–1750.**

United States Court of Appeals, Fourth Circuit.

Argued March 11, 1988.

Decided Oct. 12, 1988.

William H. Roberts (Leon S. Forman, Ann B. Laupheimer, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., on brief), Frank J. Santoro (Marcus & Santoro, Portsmouth, Va., on brief), for creditor-appellant.

Carolyn Camardo (Smith, Tolerton, Roussos & Brown, P.C., Norfolk, Va., (on brief), for debtor-appellee.

Before SPROUSE and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

HAYNSWORTH, Senior Circuit Judge:

A plan of reorganization under Chapter 11 was affirmed by the bankruptcy court after the rejection of three adverse votes upon the ground that those votes were not cast in good faith. On appeal, the district court reversed the holding of the bankruptcy court that the votes of Sterling Equipment Company and Baker Sheet Metal were cast in bad faith, but it upheld the finding that the vote of Insinger Machine Company was not cast in good faith. The district court's conclusion was based upon the fact that Insinger Machine Company was a defendant in a pending antitrust case in the state court that was the debtor's only asset. Insinger Machine Company has appealed to this court, contending there was no basis for the conclusion that its vote against the plan of reorganization was cast in bad faith, while the debtor, Federal Support Company, has appealed the district court's conclusion that the votes of Sterling Equipment and Baker Sheet Metal should be counted.

Finding no basis for a conclusion that any of the three creditors' adverse votes were not cast in good faith, we reverse upon Insinger's appeal and affirm upon the debtor's appeal. Each of the three votes should have been counted.

## I.

Insinger Machine Company is a manufacturer of dishwashing machines, equipment and parts. Many vessels of the United States Navy are equipped with its machines and equipment. The installation of such machinery and equipment in the Norfolk, Virginia area had been procured by the Navy from the debtor, Federal Support Company. Federal Support had purchased Insinger machines and supplies from Insinger and resold them to the Navy. It also provided service for such machines. Several of Federal Support's employees left it and joined Military Repair Co., a company owned by the family of John Birsch of Norfolk. After several audits and investigations, the Navy switched its business and began to purchase dishwashing machines,

equipment and parts from Military Repair Co. Insinger Machine Company sold its products to Military Repair just as, earlier, it had sold its products to Federal Support.

The Navy was Federal Support's only customer, so the Navy's switch to Military Repair left Federal Support in dire financial straits. Federal Support was unable to pay its debts, including a debt to Insinger in the amount of $30,112.48.

In November 1985, Insinger, Sterling Equipment and Baker Sheet Metal joined in filing involuntary petitions in bankruptcy against Federal Support. On Federal Support's motion, the proceeding was converted into a Chapter 11 reorganization. 11 U.S.C. § 706(a) (West Supp.1988).

Federal Support filed a disclosure statement and a plan of reorganization. In the plan of reorganization, Federal Support proposed to pay its creditors out of the proceeds of the state court antitrust suit against Military Repair and others, including Insinger. It appeared that the antitrust claim is Federal Support's only asset.

Insinger, Sterling and Baker filed objections to the reorganization plan. The votes of all three were disallowed in the bankruptcy court upon the ground that the objections were not cast in good faith. As indicated at the outset, the district court reversed the judgment as to the objections of Sterling and Baker, but upheld it as against Insinger upon the ground that Insinger was a defendant in the state court antitrust action against the Birsch group.

The district court had remanded the case to the bankruptcy court with directions to count the adverse votes of Sterling and Baker and to reevaluate the feasibility of the plan of reorganization. Before any further proceedings in the district court, however, the appeals by Insinger and Federal Support brought the entire controversy here.

## II.

■ When a plan of reorganization is submitted to the creditors of a bankrupt for approval or disapproval, votes that are not cast in "good faith" are not to be counted. Congress intentionally left "good faith" undefined. 5 *Collier on Bankruptcy* paragraph 1126.05 [1] (1988). It is well settled, however, that good faith in casting a vote does not require of the creditor a selfless disinterest. Each creditor is expected to cast his vote in accordance with his perception of his own self-interest, but he may not act with an ulterior or coercive purpose.

One who casts his vote with a purpose of coercing payment to him of more than he might reasonably perceive as his fair share of the debtor's estate, does not cast his vote in good faith. *See, e.g., Young v. Higbee Co.*, 324 U.S. 204, 211 & n. 10, 65 S.Ct. 594, 598 & N. 10, 89 L.Ed. 890 (1945); *In re Featherworks Corp.*, 36 B.R. 460, 463 (E.D.N.Y. 1984); *In re P–R Holding Corp.*, 147 F.2d 895, 897–98 (2d Cir.1945); 5 *Collier on Bankruptcy* paragraph 1126.05[1] (1988); *see also* H.R.Rep. No. 595, 95th Cong., 1st Sess. 411, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 5963, 6367.

No one suggests that Insinger cast its negative votes with an intention or expectation that some one else purchase Insinger's interest at a price that would give Insinger an unfair advantage over other creditors.

In the good faith inquiry, however, there is a broader rule of disqualification. A creditor may not cast his vote for an ulterior purpose and expect to have it counted. Ulterior motives have been held to include "pure malice, 'strikes' and blackmail, and the purpose to destroy an enterprise in order to advance the interests of a competing business." *In re Pine Hill Collieries Co.*, 46 F.Supp. 669, 671 (E.D.Pa.1942); *In re The MacLeod Co.*, 63 B.R. 654, 655–56 (Bankr. S.D.Ohio 1986).

■ Federal Support contends that the pendency of the state court antitrust suit gave Insinger an ulterior motive.

Federal Support offered some testimony that its former officers would be willing to put up the money to finance the prosecution of the antitrust claim provided the plan of reorganization were approved. Federal Support suggested that a trustee in bankruptcy might not be as willing to prosecute the antitrust claim.

The contention is entirely speculative. The antitrust claim is the bankrupt's only asset. The claim is assigned great value, and, with some justification, it is alleged in the antitrust suit that the Birsch conspiracy caused the complete destruction of the business of Federal Support. Indeed, in light of the defection of several employees of Federal Support to Military Repair, there may be some basis for an optimistic view of the possibilities of a plaintiff's recovery against the Birsch defendants in the antitrust suit. It is certainly unclear, however, just what advantage Insinger is thought to have gained with a switch of the Navy's business from Federal Support to Military Repair.

However Insinger must have thought that disapproval of the plan of reorganization coincided with its self-interest. It voted for disapproval of the plan.

One's self-interest, however, does not provide an ulterior motive. Insinger was entitled to cast its vote in accordance with its perception of its self-interest, and nothing suggests that Insinger was motivated by any other interest or purpose. It may have thought that rejection of the reorganization plan would reduce the likelihood of a vigorous prosecution of the antitrust claim, although the reason for any such belief is difficult to perceive.

No representative in the bankruptcy court has the financial resources to prosecute the antitrust claim. The claim itself is the only asset. Whether the bankruptcy proceeding is in reorganization or liquidation, the state court antitrust litigation can move forward only if Federal Support's former officers and stockholders provide the money. From all that appears, they have as much to gain from a successful prosecution of the antitrust claim whether the bankruptcy proceeding is in liquidation or reorganization. Either way, success in the antitrust litigation would provide funds for the payment of creditors, and any excess would go to Federal Support's former stockholders.

There is nothing to gain from such speculation, however. It was for Insinger to decide its own self-interest. Without any other evidence, the pendency of the lawsuit itself is not enough to support an inference of a lack of good faith. *See In re Landau Boat Co.*, 8 B.R. 432 (Bankr.W.D.Mo.1981), in which the objecting creditor was also a defendant in a pending antitrust law suit. In *Landau,* the antitrust claim was assigned no value; here, the antitrust claim is assigned great value, and it is the sole asset of the debtor. Those considerations provide some support for a belief that the antitrust claim is worth prosecuting. To the extent that it is worth prosecuting, its value would seem to be unaffected by the course taken in the bankruptcy proceeding so long as the former stockholders remain the potential beneficiaries of any recovery above the aggregate claims of the creditors.

We find no support for a finding that Insinger's vote against approval of the proposed plan of reorganization was not cast in good faith.

### III.

We agree with the district court that the negative votes of Sterling Equipment Company and Baker Sheet Metal should have been counted.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.