

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2007

# In Re: Machne

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5425

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Machne " (2007). *2007 Decisions.* Paper 1249.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1249

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-5425

———

IN RE MACHNE MENACHEM, INC.

<u>Debtor</u>.

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(04-cv-01698)
District Judge: Honorable A. Richard Caputo

———

Submitted pursuant to Third Circuit LAR 34.1(a)
January 26, 2007

Before: SCIRICA, <u>Chief Judge</u>, FUENTES and CHAGARES, <u>Circuit Judges</u>.

(Filed: April 19, 2007)

———

OPINION OF THE COURT

———

FUENTES, <u>Circuit Judge</u>.

A debtor in bankruptcy, Machne Menachem, Inc., appeals the District Court's decision to vacate the Bankruptcy Court's order of confirmation. The District Court concluded that the debtor's confirmation plan failed to meet the requirements of 11 U.S.C. § 1129(a) because the debtor had secured confirmation by purchasing creditors' claims through an insider. We have jurisdiction pursuant to 28 U.S.C. § 158(d) and will affirm the order of the District Court.

**I.**

Because we write for the parties, who are familiar with the history of the case, we recount only the necessary facts. Machne Menachem, Inc. ("Machne") is a non-profit company that operates a summer camp for Orthodox Jewish male children in Pike County, Pennsylvania. In 2001, amidst a battle for control among its board of directors, Machne filed a petition for bankruptcy. During the proceedings, Machne submitted a plan for reorganization, as did one of its former directors, Yaakov Spritzer. After voting had been conducted, the Bankruptcy Court entered an order confirming the debtor's plan over Spritzer's objection.

Spritzer had argued before the Bankruptcy Court that the confirmation plan was secured in "bad faith" in violation of the bankruptcy code's confirmation requirements. <u>See</u> 11 U.S.C. § 1129(a)(3) ("The court shall confirm a plan only if . . . [it] has been proposed in good faith."). Spritzer pointed out that Levi Heber, the son of a director of

the debtor, had purchased the claims of four unsecured creditors. This purchase was apparently orchestrated by the debtor, who subsequently removed the claims from "Class Four" (which contained non-insider, unsecured claims), and reclassified them in "Class Five" (which contained insider, unsecured claims).[1] The Bankruptcy Court rejected Spritzer's argument that these actions demonstrated "bad faith" under 11 U.S.C. § 1129(a)(3). In doing so, it concluded that the mere fact that the debtor purchased a creditor's interest for the purpose of securing approval or rejection of a plan did not necessarily amount to bad faith.

On appeal, the District Court vacated the Bankruptcy Court's order of confirmation, ruling that the purchase of claims, and their subsequent reassignment to Class Five, made the debtor's plan unconfirmable under the bankruptcy code. See 11 U.S.C. § 1129(a)(1) ("The court shall confirm a plan only if . . . plan complies with the applicable provisions of this title."). It noted that, under 11 U.S.C. § 1129(a)(10), the debtor's plan required approval from at least one impaired class of creditors, and that Class Four was the only such class to accept the plan. Since Class Four did so by a vote of seven claims to four claims,[2] the four claims purchased by Heber could have altered the outcome. Without any basis for determining whether Class Four would have actually

---

[1] Heber was an "insider" under 11 U.S.C. § 101(31) ("The term 'insider' includes [a] relative of a general partner, director, officer, or person in control of the debtor.").

[2] See 11 U.S.C. § 1126(c) ("A class of claims has accepted a plan if such plan has been accepted by creditors . . . that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors.").

accepted the plan, the District Court concluded that the purchase and reclassification of claims effectively "gerrymandered" Class Four to secure confirmation.

## II.

The debtor appealed the District Court's decision, challenging the ruling that its plan was unconfirmable.[3] The debtor, however, provides scant support for rebutting the conclusion that its plan was confirmed by the impermissible gerrymandering of classes.[4] It relies on In re P-R Holding Corp., 147 F.2d 895 (2d Cir. 1945), which suggests that the purchase of a creditor's claim to secure confirmation is not necessarily an indication of bad faith. That decision, however, addressed the purchase of claims by an existing creditor—not by a non-creditor, insider of the debtor. Moreover, the District Court relied on cases suggesting that the purchase of claims by a debtor or insider can be an indication of bad faith. See, e.g., Figter, Ltd. v. Teachers Ins. & Annuity Ass'n, 118 F.3d 635, 639 (9th Cir. 1997) ("[W]hen the debtor had claims against itself purchased by an insider or

[3] Since its appeal was filed, there have been significant developments in the Bankruptcy Court below. Upon remand from the District Court, the Bankruptcy Court approved a Chapter 11 trustee to oversee the case. Moreover, appellee Spritzer submitted a plan of reorganization, which was voted on and approved by the Bankruptcy Court. Since that time, all tangible property of the debtor has been transferred to a non-profit organization, which obtained financing to pay most of three classes of claims in bankruptcy. Finally, the new entity has substantially improved the condition of the summer camp through ongoing maintenance and repair. Spritzer has moved to dismiss for equitable mootness. Because we will affirm the District Court's decision, the motion to dismiss for mootness is moot.

[4] Instead, it focuses on the details of the competing plan that was originally proposed by Spritzer but rejected by the Bankruptcy Court. Whatever the merits of that plan, the plan actually confirmed must meet the requirements of § 1129(a).

affiliate for the purpose of blocking a plan, or fostering one, that was seen as a badge of bad faith.").

Furthermore, the District Court did not rely solely on the "good faith" requirement of § 1129(a)(3) in finding the plan unconfirmable. It also explained that other confirmation requirements were undermined by the purchase and reassignment of creditors' claims. The District Court found that the purchase of claims outside the plan allowed the debtor to reclassify them in order to reduce the number of votes required for confirmation. As we have previously stated, vote manipulation by the gerrymandering of classes "seriously undermines" the "critical confirmation requirements set out in Section 1129(a)(8) (acceptance by all impaired classes) and Section 1129(a)(10) (acceptance by at least one impaired class in the event of a 'cram down')." John Hancock Mut. Life Ins. Co. v. Route 37 Bus. Park Assocs., 987 F.2d 154, 158 (3d Cir. 1993). The debtor does not address these infirmities, and we agree with the District Court that the debtor's gerrymandering of classes in this case precluded confirmation of its plan.

The District Court also found that the payment of creditors outside the plan of reorganization violated 11 U.S.C. § 1123(a)(4), which requires "the same treatment for each claim or interest of a particular class." The plan provided for full payment of all Class Four claimants under the plan, yet two of the four claims from Class Four, purchased outside the plan, were paid less than in full. The debtor does not provide any

explanation for this disparity in treatment among Class Four claims.[5]

We agree with the District Court that the debtor's orchestration of the purchase of claims outside the plan of reorganization undermined the critical confirmation requirements of the bankruptcy code. Accordingly, we will affirm the decision of the District Court.

---

[5] The District Court noted that the only explanation provided for this purchase and reclassification of claims was the debtor's need to maintain good relations with food vendors. (App. 231.) Yet, only one of the four vendors from whom claims were purchased was a food vendor, and the debtor had moved to disallow the claims of almost every other food vendor.