**In re ANDERSON GRAIN CORPORATION,**
**Debtor.**

**In re SUNMARK GRAIN, INC., Debtor.**

**In re ZIPP INDUSTRIES, INC., Debtor.**

**In re PAX INDUSTRIES, INC., Debtor.**

**Bankruptcy Nos. 596–51099–11 to 596–51102–11.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

May 28, 1998.

---

William S. Parkinson, Dallas, TX, for U.S. Trustee.

Vernon O. Teofan, Jenkens & Gilchrist, Dallas, TX, for CIT.

R. Byrn Bass, Jr., Lubbock, TX, for Anderson Grain.

Robert B. Wilson, Lubbock, TX, for Sunmark Grain.

Max Tarbox, Lubbock, TX, for Zipp Industries.

Deborah Penner, Lubbock, TX, for Pax Industries.

David R. Langston, Mullin, Hoard & Brown, L.L.P., Lubbock, TX, for Anderson Grain Creditors Committee.

L.E. Creel, III, Malouf Lynch Jackson. Kessler & Collin, Dallas, TX, for Zipp Industries Creditors Committee.

## MEMORANDUM OF OPINION ON CIT'S ATTORNEY'S FEES

JOHN C. AKARD, Bankruptcy Judge.

The CIT Group/Business Credit, Inc. (CIT) seeks a determination that the attorney's fees and expenses which it charged the reorganized debtor in this case are reasonable under § 1129(a)(4) of the Bankruptcy Code.[1] Pursuant to the confirmed plan of reorganization, the reorganized debtor paid CIT $489,194.34.[2] The court finds that the reasonable fees and expenses to be charged to the reorganized debtor are $289,095.37. Therefore, CIT should refund $200,098.97 plus interest to the reorganized debtor.[3]

## BACKGROUND

On October 1, 1996, Anderson Grain Corporation (Anderson) and its three subsidiaries, Sunmark Grain, Inc. (Sunmark), Zipp Industries, Inc. (Zipp), and Pax Industries, Inc. (Pax) (collectively the Debtors) filed for relief under Chapter 7 of the Bankruptcy Code. Each Debtor had separate assets, separate businesses, and separate creditors, except that CIT asserted a lien on all assets of all the Debtors. Prior to the bankruptcy filing, Anderson Grain served as the financial clearing house for all entities. Following extensive and very difficult negotiations, the court confirmed a consensual, complicated and very inventive plan of reorganization. The principal author and negotiator of the plan was L.E. Creel, III, attorney for the Zipp Creditors Committee. During the Chapter 11 case, liens claimed by CIT on assets of Pax were set aside as unperfected. As a result of the negotiations on the plan of reorganization, attacks on some of the liens held by CIT on assets of Sunmark and Zipp were withdrawn and the Anderson Creditors Committee withdrew its action to subordinate the claims of CIT. One of the negotiated provisions of the settlement, which was

1. The Bankruptcy Code is 11 U.S.C. § 101 *et seq*. References to section numbers are references to sections in the Bankruptcy Code.

2. Letter from Max Tarbox February 9, 1998. Mr. Tarbox is the Chairman of the Board of Directors of the reorganized debtor.

3. This court has jurisdiction of this matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A), (B), and (O).

incorporated in the plan of reorganization and initially approved by the court in the order confirming the plan, was that reimbursement to CIT for the fees and expenses which it had paid to its attorneys would be paid out of the first draw on postconfirmation financing. Consequently, CIT would not request attorney's fees under § 506(a), thereby eliminating a dispute as to whether CIT was an oversecured creditor, and eliminating review of those fees under § 1129(a)(4).

Following confirmation of the plan, the reorganized debtor secured postconfirmation financing from CIT and CIT deducted reimbursement for all of the fees and expenses paid to its attorneys in connection with the bankruptcy case. In addition, it reimbursed itself for attorney's fees and expenses in connection with the postconfirmation financing. The United States Trustee filed a timely motion for clarification of the confirmation order asserting that for CIT to be reimbursed for its bankruptcy attorney's fees and expenses, it must first establish that it is an oversecured creditor under § 506(a) of the Bankruptcy Code and second, that those fees and expenses must be proved to be reasonable and necessary under § 506(a) and under § 1129(a)(4). For the reasons stated in this court's Memorandum of Opinion on Motion for Clarification dated September 18, 1997 and styled *In re Anderson Grain Corp.*, 212 B.R. 560 (Bankr.N.D.Tex.1997), the court found that reimbursement to CIT for its attorney's fees and expenses was a part of the expense of the postconfirmation financing and, thus, not subject to the requirements of § 506(a). However, the court found that it must review the fees for reasonableness under § 1129(a)(4). This case shows Congress' wisdom in enacting that statute.

Pursuant to the court's instructions, CIT filed an appropriate fee application.[4] The United States Trustee, the attorneys for each of the four Debtors, and the attorney for the Anderson Grain Creditors Committee all questioned the reasonableness of parts of CIT's application. CIT vigorously asserts

that all fees and expenses were both reasonable and necessary to protect CIT's interests in the bankruptcy case.

## ISSUE

In order to confirm a plan of reorganization, the Bankruptcy court must determine that the standards prescribed by § 1129 have been satisfied. The pertinent portions of that section read:

### § 1129. Confirmation hearing

(a) The court shall confirm a plan **only if** all of the following requirements are met:

. . .

(4) Any payment made or to be made by the proponent, by the debtor, or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable.

(emphasis added)

The issue is **not** how much a creditor may pay its attorney. That is a matter between the creditor and its attorney. The issue is the extent to which the debtor should reimburse the creditor for fees and expenses [5] the creditor paid to its attorney.

The term "reasonable" in this statute implies that the fees must also be necessary in connection with the reorganization. To allow fees for unnecessary services just because the charges were at a reasonable hourly rate would frustrate the Congressional intent of allowing the debtor to reorganize.

## STANDARDS OF REIMBURSEMENT

■ Clearly, CIT can have as many as attorneys as it wishes working on a case for it. CIT can pay those attorneys whatever CIT and the attorneys agree upon. The amounts paid by CIT to its attorneys are not

---

4. The application states that it is seeking fees under § 506(a). At the hearing on this matter, CIT acknowledged that the title was incorrect because the court's order instructed it to seek its fees under § 1129(a)(4).

5. For brevity, the court will use the term fees to include both fees and expenses.

within the province of this court to review. *In re Schepps Food Stores, Inc.,* 25 BCD 1400, 1402 (Bankr.S.D.Tex.1994). What this court must review, however, is the amount of reimbursement CIT is to receive from the reorganized debtor. Under § 1129(a)(4), that amount must be both reasonable and necessary. It must bear a reasonable relationship to what the reorganized debtor would have paid for fees and expenses to attorneys with comparable experience in Lubbock County, Texas.

■ Debtors, creditors and the court are all benefitted by having skilled lawyers practicing in Bankruptcy courts. Often a skillful, experienced lawyer can achieve a good result quicker and less expensively than a less qualified lawyer charging a substantially lower hourly rate. Bankruptcy courts want and need good lawyering to achieve results which are beneficial to debtors and creditors. The plan negotiated in this case by Mr. Creel is a good example. Consequently, bankruptcy courts need to be mindful that financial rewards to attorneys in bankruptcy court should be comparable to what they could achieve in other areas of commercial practice.

■ CIT is entitled to use attorneys from outside Lubbock County and reasonable accommodations for travel expenses will be allowed, but not to exceed travel expenses allowed under federal government travel guidelines and federal government per diem rates. Having traveled extensively as an attorney and as a judge, this court finds it ludicrous to charge full hourly rates for travel time. This court's standard of not more than one-half hourly rates for time *actually spent* working on a matter while traveling is more than adequate. There are just too many distractions while traveling to consider that full hourly rates should be allowed.

■ CIT is entitled to have as many attorneys and representatives at a hearing as it may wish. However, the court notes that, usually, one attorney can adequately handle the affairs of a creditor at a hearing. This case does not demonstrate an exception to that fact. Consequently, only where a specific need is shown will the court tax the reorganized debtor with the expenses of more than one attorney for CIT per hearing.

## DISCUSSION

Having established the parameters of its review, the court will now analyze the specific requests made by CIT. The establishment of fees in a Bankruptcy case is always a very difficult balancing procedure.

### Total Request

The fee application submitted by CIT requests $403,979.50 in fees and $35,010.53 in expenses, for a total of $438,990.03. CIT's attorneys request $4,500 for preparing the fee application, bringing the total requested in the application to $443,490.03. At the hearing, CIT suggested that the following adjustments be made:

a. The fee application included four invoices which represented postconfirmation services rendered on behalf of CIT in connection with the postconfirmation loan and other postconfirmation matters related to the reorganized debtor. CIT therefore stated those matters were not subject to this court's review under § 1129(a)(4). Those invoices are:

| Statement Date | Fees Incurred | Expenses | Total |
|---|---|---|---|
| 06/23/97 | 27,868.50 | 4,683.37 | 32,551.87 |
| 07/09/97 | 9,579.50 | 1,461.26 | 11,040.76 |
| 08/08/97 | 3,168.50 | 2,215.37 | 5,383.87 |
| 09/04/97 | 6,190.00 | 287.89 | 6,477.89 |
| 10/03/97 | 1,575.50 | 1,659.50 | 3,235.00 |
| **TOTALS** | 48,382.00 | 10,307.39 | 58,689.39 |

CIT further stated that $143.00 of the June 4 invoice represented time spent in connection with the postconfirmation refinancing.

b. The addition of $5,250.00 for fees which had been overlooked and not billed to CIT.

c. The addition of $28,884.34 for fees which had been separately billed and paid.

As amended, CIT's total fee and expense request is $418,791.98. At the confirmation hearing, CIT's attorney's fees and expenses

were estimated to be approximately $400,-000.00. CIT noted that the requested fees totaled approximately 3% of its $14.5 million claim in this bankruptcy case.

The fees and expenses approved, for all Debtors' attorneys in this case are as follows:

| | |
|---|---|
| Attorney for Anderson Grain | $78,854.32 |
| Special Attorney for Anderson Grain | $60,837.82 |
| Attorney for Sunmark | $55,178.48 |
| Attorney for Zipp | $56,307.74 |
| Attorney for Pax | $31,775.50 |
| TOTAL | $282,953.86 |

Although CIT was the largest and principal creditor in the case, the fact that its request for attorney's fees and expenses exceeds the total attorney's fees awarded to Debtors' attorneys in this case raises substantial questions as to the reasonableness of CIT's fee request.

**Fees in Connection with Refinancing**

■ CIT asserts that its fees in connection with the postconfirmation financing are beyond the review prescribed by § 1129(a)(4). The court disagrees. The postconfirmation financing was an integral part of the negotiations which led to the plan and the term sheet was attached to the Final Confirmed Plan as Exhibit E. The reorganized debtor acquired the assets formerly owned by Zipp and Pax and continued the businesses which they formerly operated. The reorganized debtor issued securities to creditors. The court finds that the postconfirmation financing was "in connection with the plan and incident to the case." *Id.*

The present § 1129(a)(4) carries forward the requirements of § 221(4) of the Bankruptcy Act of 1898 which provided:

(4) all payments made or promised by the debtor or by a corporation issuing securities or acquiring property under the plan or by any other person, for services and for costs and expenses in, or in connection with, the proceeding or in connection with the plan and incident to the reorganization, have been fully disclosed to the judge and are reasonable or, if to be fixed after confirmation of the plan, will be subject to the approval of the judge;

11 U.S.C. § 621(4) [§ 221(4) of the Bankruptcy Act of 1898] [repealed]. "This section aimed to eliminate the practice of fixing reorganization fees and expenses by private ar-rangement, thereby decreasing the effective amount of recovery of the creditors." *In re P–R Holding Corporation,* 147 F.2d 895, 899 (2nd Cir.1945).

Section 1129(a)(4) serves the same purpose:

Bankruptcy Code section 1129(a)(4) specifically prevents the Court from approving a plan of reorganization unless all costs and expenses in connection with the case are subject to approval by the Court as being reasonable. The reason Congress has required this approval by the Court is to insure reasonableness, maximize the results for creditors and to prevent administrative creditors, who are granted priority, from over-reaching.

*In re Allegheny Int'l, Inc.,* 134 B.R. 814, 817 (Bankr.W.D.Pa.1991), *aff'd sub nom. Zolfo, Cooper & Co. v. Sunbeam–Oster Co.,* 50 F.3d 253 (3d Cir.1995). "[S]ection 1129(a)(4) seeks to regulate payments of the Debtor and others who would stand in the shoes of the Debtor or the estate to ensure that the estate's assets, or potential assets, are not being needlessly squandered away." *In re Schepps Food Stores, Inc.,* 25 BCD 1400, 1402 (Bankr.S.D.Tex.1994).

Therefore, the court's review includes fees in connection with the postpetition financing.

**Unbilled Time**

■ In preparing for the hearing on the fee application, CIT's attorneys discovered $5,250.00 in fees which had not been previously billed to CIT. They seek to add that amount to the request at this time. The court finds that it is not appropriate to include fees which were neither billed to nor paid by CIT. Consequently, that request is denied. The same conclusion applies to the request for $4,500 for preparing a fee application.

**Separately Billed Fees**

■ The Debtor filed adversary proceedings in this case asserting that portions of the liens claimed by CIT against assets of Sunmark, Zipp, and Pax were not properly perfected. The assets of Pax are in Arizona and CIT's liens on some of those assets were not properly perfected in Arizona. An

agreed judgment to that effect was entered in one of the adversary proceedings. Since the law firm presently representing CIT also represented CIT in connection with the loan to these Debtors, the law firm initially agreed not to charge CIT for the defense of those adversary proceedings. Consequently, the time and expense for those matters were charged on a separate account. When the parties reached an agreement on the plan of reorganization, CIT agreed that the law firm could bill it for those fees and expenses. CIT paid the law firm, but reimbursed itself out of the first draw by the reorganized debtor. It was not necessary for the court to rule on those adversary proceedings because they were withdrawn as part of the settlement. However, a review of the pleadings indicates that the Debtors had a substantial and serious challenge to the perfection of CIT's security interests. The fact that the law firm initially agreed to defend those security interests without charge and that CIT only paid for those services when it felt it could extract them from the Debtors (apparently as an accommodation to its law firm), shows that the Debtors should not be charged for those services. Consequently, the $28,884.13 charged for those services is disallowed.

## Northern District Fee Guideline

 The Bankruptcy judges of the Northern District of Texas issued Guideline for fee applications. Their purpose was to facilitate review of fee applications by debtors, creditors, and the court. CIT asserts that it is not required to present its fee application in accordance with the Guideline because it applies only to attorneys employed by court order pursuant to § 327.[6] The court disagrees. The Guideline is effective as to all cases filed after February 1, 1994. It states what must be included in a fee application and requires project billing for ease of analysis. CIT's fee application does not conform to the Guideline. The opening paragraph of the Guideline states:

6. CIT makes a similar statement concerning the United States Trustee's fee guidelines. The court

The following is a guideline governing the most significant issues related to applications for compensation and expense reimbursement. The guideline covers the narrative portion of an application, time records, and expenses. It applies to all professionals with the exception of Chapter 7 and Chapter 13 Trustees, but is not intended to cover every situation. All professionals are required to exercise reasonable billing judgment notwithstanding total hours spent.

The Guideline applies to "all professionals." This clearly includes CIT's application for reimbursement of fees paid to its attorneys. The court cautions CIT that failure to follow the Guideline in future cases will result in a reduction of the final fee award.

### Detailed Analysis

### November 8, 1996

### Bill Number One

 In the instant case, the Debtor filed its petition on October 1, 1996. Jenkens & Gilchrist's first billing went to CIT on November 8, 1996 and covered fees and expenses incurred from October 1 through October 31, 1996. This bill showed the firm charged a total of 40 hours for work at Ms. Sartin's rate of $275 per hour for a total of $11,000.

The United States Trustee objected to certain of these fees under the courts' Guideline, which does not allow for interoffice conferences or for time charged where the description of the services rendered is inadequate. Ms. Sartin did not allocate her time as to each event, and the description of events provided is inadequate under the courts' fee Guideline. Therefore, the court sustains the United States Trustee's objections to the time charged on October 10, 18, 21, 22, 28, and 31 for 20.3 hours at $275 per hour.

The court finds reasonable and grants fees for 19.7 hours, at a rate of $150 per hour which the court finds is on the high end of hourly rates customarily charged in Lubbock, Texas and which rate the court finds to

will not comment on the Trustee's guidelines.

be reasonable, for a total of $2,955 to Ms. Sartin for work done in October, 1996. Jenkens and Gilchrist billed CIT $11,000 for 40 hours of Ms. Sartin's work at $275. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $8,045.

The November 8 bill showed the firm charged 69.9 hours of work done at Mr. Jillson's rate of $240 per hour for a total of $16,776. The court sustains the United States · Trustee's objections to the time charged for interoffice conferences on October 8, 9, 10, 14, 17, 21, 23, and 28 as being time not compensable under the courts' Guideline. The court sustains the United States Trustee's objections to the time charged which has vaguely worded descriptions on October 3, 4, 7, 11, 14, 15, 15, 17, and 21. The court sustains the United States Trustee's objections to the time charged which is excessive for the work done on October 18, 21, and 31. The court sustains the United States Trustee's objections to the time charged which is either not reimbursable under the courts' Guideline, not explained, unreasonable, or for overhead for the work done on October 4, 18 and 21 for a total time disallowed of 13.4 hours at $275 per hour.

The court finds reasonable and grants fees for 56.5 hours, at a rate of $150 per hour which the court finds is on the high end of hourly rates customarily charged in Lubbock, Texas and which rate the court finds to be reasonable, for a total of $8,475 to Mr. Jillson for work done in October. Jenkens and Gilchrist billed CIT $16,776 for 69.9 hours of Mr. Jillson's work at $240. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $8,301.

The November 8 bill showed the firm charged .8 hours of work done at Mr. Chek's rate of $185 per hour for a total of $148. The court credits Mr. Chek with the work done on analysis of the cash collateral issue and grants Mr. Chek .8 hours at the $150 hourly rate customarily charged in Lubbock, Texas and which rate the court finds to be reasonable for a total of $120 to Mr. Chek for work done in October. Jenkens & Gilchrist billed CIT $148 for .8 hours of Mr. Chek's work at $185. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $28.

The November 8 bill showed the firm charged 61.8 hours of work done at Mr. Teofan's rate of $350 per hour for a total of $21,630. The court finds that Mr. Teofan's hourly rate is not exorbitant for an attorney with the years of experience and expertise in the bankruptcy area he possesses. However, the court sustains the Trustee's objections to the charges for work done on October 1, 2, 4, 9, 10, 16, 18, 21, 22, 23, 28, and 31 as being inadequately described, or the time spent not specifically allocated per task so that it is impossible to tell whether the time spent was reasonable. The court disallows 19 hours at $350 per hour, for a total of $6,650.

The court allows as reasonable 42.8 hours at $350 per hour for a total allowed of $14,980. Jenkens and Gilchrist billed CIT $21,630 for 61.8 hours at $350 per hour. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $6,650.

This bill shows that .7 hours of work were billed at M. Held's hourly rate of $165. The court grants fees for .7 hours at $150 per hour, which the court finds to be at the high end of rates customarily charged in Lubbock, Texas and which the court finds to be reasonable. The court awards fees of $105 for work done by Mr. Held in October.

The court awards fees for work done by G.· Hausdorf in the amount of $18 for .6 hours work at $90 per hour. The court sustains the United States Trustee's objection to the other 3.3 of work done and denies fees in the amount of $333. The court awards fees for 1.9 hours of work done by A. Seitzler in the amount of $171. The court sustains the United States Trustee's objection to 2 hours work at $90 per hour for a total of $180. The court sustains the United States Trustee's objections to charges made for October 3 for after hours work in the amount of $82.50, for October 9 for overtime in the amount of $30, for October 11 for after hours work in the amount of $7, and October 12 for after hours work in the amount of $30 for a total of expenses disallowed of $149.50.

Jenkens and Gilchrist billed CIT $2,571.05 for this work and expense. In turn, CIT

recovered its fees from the Debtor. The Debtor shall receive a refund of $662.50.

In summary, the court grants an award of fees in the amount of $26,995 and expenses of $1,823.05 for a total of fees and expenses from the November 9 billing in the amount of $28,818.05, which the court finds reasonable. The Debtor shall receive a refund of $26,308 in fees and $149.50 in expenses for a total refund of $26,457.

### December 8, 1996

### Bill Number Two

On December 8 Jenkens & Gilchrist sent its second billing to CIT which showed fees of $21,271.50 for 74.2 hours of work done and expenses of $2,665.17 incurred from November 1 to November 30, 1996, for a total of $23,936.67. The United States Trustee objected to certain of these fees under the courts' Guideline. Ms. Sartin billed 22.9 hours at $275 per hour, for a total of $6,297.50. The court sustains the United States Trustee's objections to interoffice conferences and duplicate billing on November 4, 7, 8, 12, 14, 15, and 20. The court sustains the United States Trustee's objections to vague work descriptions on November 14, 15, and 26.

The court finds reasonable and grants fees to Ms. Sartin of $1,905 for 12.7 hours work at the $150 rate the court finds reasonable for a total of fees awarded of $1,905. Jenkens & Gilchrist billed CIT $6,297.50 for Ms. Sartin's work in November. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $4,392.50.

The December 8 bill charged CIT for 2.3 hours of A. Jillson's time at $240 per hour, for a total of $552. The court sustains the United States Trustee's objections to entries dated November 11 and 18 as being too vague and the entry dated 11/12/96 as an interoffice conference not permitted by the courts' Guideline. The court finds reasonable and allows 1.4 hours at the reasonable rate of $150, for a total of fees allowed to A. Jillson of $210. Jenkens & Gilchrist received $552 from CIT for Mr. Jillson's work in November. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $342.

The December statement billed CIT for 38.4 hours of Mr. Teofan's work at $350 for a total of $13,440. The court sustains the United States Trustee's objections as to vagueness of description on the November 4 entry. The court sustains the United States Trustee's objections to interoffice conferences not compensable under the courts' Guideline on November 7, 14, 20, 21 and 22 for a total of 1 hr. The court sustains the United States Trustee's objection to reimbursement for travel at full hourly rates and awards one-half time for travel for a total of 1 hr. The court finds reasonable and allows 36.4 hours at $350 per hour for a total of $12,740. The firm received $13,440 from CIT for Mr. Teofan's November work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $700.

The court finds reasonable and allows 5.7 hours of work done by S. Frieze at $125 per hour for a total allowed in November of $712.50 billed on the December statement.

The December statement charged CIT for A. Seitzler's work in the amount of 4.9 hours at $55 per hour for a total of $269.50. The court sustains the United States Trustee's objections to work done on November 1, 6, 15, 18, 19, 26, and 27 as being secretarial services billed at paralegal rates, which is impermissible under the courts' Guideline. The court finds reasonable and allows 1.6 hours at $55 per hour for a total of $88. The firm received $269.50 from CIT for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $181.50.

Jenkens & Gilchrist billed CIT for $2,665.17 in November expenses in its December bill. The court sustains the United States Trustee's objection to payment of Federal Express charges where the necessity for such expenses is not explained. The court disallows $207.50 for those charges. The court allows $2,457.67 for expenses. The firm received $2,665.17 in expenses from CIT. CIT in turn recovered that sum from the Debtor. The Debtor shall receive reimbursement of $207.50.

In summary, the court grants an award of fees in the amount of $15,655.50 and ex-

penses of $2,457.67 from the December 8 billing for a total of $18,113.17, which the court finds reasonable. The Debtor shall receive a refund of $5,616. in fees and $207.50 in expenses for a total refund from the December bill of $5,823.50.

### January 14, 1997

### Bill Number Three

On January 14, 1997 Jenkens & Gilchrist submitted its third bill to CIT for services rendered during the month of December. The bill showed fees of $29,815 and expenses of $2,443, for a total billed of $32,258.65. The United States Trustee objected to certain entries as failing to meet the courts' Guideline. Jenkens & Gilchrist billed 2 hours of L. Sartin's time at $275 per hour for a total billed of $550. The court sustains the United States Trustee's objections to entries on December 4, and 30 for interoffice conferences not compensable under the Guideline. The court also sustains the United States Trustee's objections to entries on December 2 and 13 as being too vague for the court to know whether the charges are reasonable or not.

The court finds reasonable and grants fees to Ms. Sartin of $90 for .6 hours of work done at $150 per hour. Jenkens and Gilchrist billed CIT $550 for Ms. Sartin's work in December. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $460.

The January 14 statement billed 11.3 hours of A. Jillson's time at $250 per hour for a total of $2,825. The court sustains the objections of the United States Trustee to entries dated December 18, 26, 27 29 and 30 for numerous interoffice conferences as well as for insufficient or vague descriptions of work done.

The court finds reasonable and grants fees to Mr. Jillson of $1,140 for 7.6 hours of work calculated at the rate of $150 per hour. Jenkens & Gilchrist billed $2,825 for Mr. Jillson's work in December. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $1,685.

The January 14 statement billed 1.6 hours of L. Chek's time at $200 per hour for a total of $320. The court sustains the objection of the United States Trustee for the entry dated December 19 for an interoffice conference not compensable under the courts' Guideline. The court grants fees of $210 for 1.4 hours of work done by Mr. Check at the reasonable rate of $150 per hour. The firm billed CIT $320 for work done by Mr. Check in December. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $110.

The statement dated January 14 billed 73 hours of Mr. Teofan's work at $350 per hour, for a total billed of $25,550. The court sustains the objections of the United States Trustee to entries dated December 18, 19, 20, 26, and 27 which charge for interoffice conferences not permitted reimbursement under the courts' Guideline. The court also sustains the objection of the United States Trustee to charges for full hourly rates for travel.

The court grants fees in the amount of $22,435 for work performed and travel undertaken by Mr. Teofan in December. The firm received $25,550 from CIT in December. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $3,115.

The court grants as reasonable the charge for work performed by S. Frieze at $150 per hour for .3 hour for a total of $45.

The court grants as reasonable the charge for work performed by D. Dollinger at $75 per hour for .6 hour for a total of $45.

The January 14 statement billed 8 hours of A. Seitzler's time at $60 per hour. The court sustains the objection of the United States Trustee to all services performed by Seitzler as being secretarial in nature and not compensable under the Guideline except for .3 hours. The court grants A. Seitzler fees in the amount of $24. The firm received $480 from CIT for work performed by A. Seitzler in December. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $456.

The January 14 statement billed a total of $2,443.65 in expenses. The court sustains the objection of the United States Trustee to all Federal Express charges, the research fees, the courier service, the communications

fee, and the binding materials as being non-compensable under the courts' Guideline. The court grants expenses of $2,082.44 as reasonable. The firm received $2,443.65 from CIT for expenses incurred in December. In turn, CIT recovered its expenses from the Debtor. The Debtor shall receive a refund of $361.21.

In summary, the court grants an award of fees in the amount of $23,989 and expenses of $2,082.44 from the January 14 billing for a total of $26,071.44, which the court finds to be reasonable. The Debtor shall receive a refund of $5,826 in fees and $361.21 in expenses, for a total refund of $6,187.21 from the January bill.

### February 7, 1997

### Bill Number Four

On February 7, 1997 Jenkens & Gilchrist submitted its fourth bill to CIT for services rendered during the month of January. The United States Trustee objected to certain entries as failing to meet the courts' Guideline. Jenkens & Gilchrist billed 72.9 hours of time for Mr. Gibbs and Ms. Sartin at $275 per hour. The court sustains the United States Trustee's objections to entries for interoffice conferences not compensable under the courts' Guideline. The court also sustains the United States Trustee's objections to entries as too vague for the court to know whether the charges are reasonable or not.

The court finds reasonable and grants fees to Mr. Gibbs and Ms. Sartin in the amount of $7,605 for 50.7 hours of work done at $150 per hour. Jenkens & Gilchrist billed CIT $20,047.50 for Mr. Gibbs and Ms. Sartin's work in January. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $12,442.50.

The February 7 statement billed 5.2 hours of Mr. Jillson's work at $250 per hour. The court sustains the objections of the United States Trustee to entries for numerous interoffice conferences as well as for insufficient or vague descriptions of work done. The court finds reasonable and grants fees of $600 to Mr. Jillson for 4 hours of work done in January at $150 per hour. Jenkens & Gilchrist billed $1,300 for Mr. Jillson's January work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $700.

The February 7 statement billed 104.1 hours of Mr. Teofan's time at $350 per hour, for a total billed of $36,435. The court sustains the objection of the United States Trustee to entries which charge for interoffice conferences not permitted reimbursement under the courts' Guideline and to travel charged at the full hourly rate.

The court finds reasonable and grants fees to Mr. Teofan for 98.8 hours of work done at $350 per hour and for travel time in the amount of $34,580. The firm received $36,435 from CIT for work done by Mr. Teofan in January. In turn, CIT recovered its fees form the Debtor. The Debtor shall receive a refund of $1,855.

The same statement billed 15.8 hours at $185 per hour for work done during January by Mr. Held. The court sustains the objection of the United States Trustee for interoffice conferences not compensable under the court's Guidelines. The court finds reasonable and grants fees in the amount of $2,130 to Mr. Held for 14.2 hours at $150 per hour, which rate the court finds reasonable for similar work done in Lubbock, Texas. Jenkens & Gilchrist received $2,923 from CIT for Mr. Held's work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $793.

The firm billed CIT for .6 hours of January work done by Ms. Frieze at $150 per hour. The court sustains the United States Trustee's objections to the work done by Ms. Frieze as being either too vaguely described or interoffice conferences not compensable under the courts' Guideline. Jenkens & Gilchrist billed CIT for $90 for work done by Ms. Frieze. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $90.

Jenkens & Gilchrist billed CIT for .5 hours of work done by Mr. Hausdorf in January at $110 per hour. The court sustains the objection of the United States Trustee to the time billed by Mr. Hausdorf as being for an interoffice conference not compensable under the courts' Guideline. The court awards no fees to Mr. Hausdorf. CIT paid $55 to Jenkens

& Gilchrist for Mr. Hausdorfs time and in turn recovered its fees from the Debtor. The Debtor shall receive a refund of $55.

The firm billed CIT $1,313 for 10.1 hours of work done by M. Allen at $130 per hour. The court sustains the objections of the United States Trustee to the work billed for M. Allen as being either interoffice conferences or secretarial work billed at $130 per hour. The court awards no fees to M. Allen. CIT paid $1,313 for this work and, in turn, recovered its fees from the Debtor. The Debtor shall receive a refund of $1,313.

The firm billed CIT $510 for 8.5 hours of work done by A. Seitzler at $60 per hour. The court sustains the objections of the United States Trustee to 7.6 hours of this work as being secretarial in nature and, thus, not compensable under the courts' Guideline. The court awards $54 in fees to A. Seitzler for .9 hours of work at $60 per hour. CIT paid Jenkens & Gilchrist $510 for this work and, in turn, recovered its fees from the Debtor. The Debtor shall receive a refund of $456.

The February 7 statement billed expenses in the amount of $3,763.32. The court sustains the objection of the United States Trustee to all Federal Express charges, research charges, overtime charges and binding material listed as not compensable under the Guideline. The court grants expenses of $2,989.24 as reasonable. The firm received $3,763.32 from CIT. In turn, CIT recovered its expenses from the Debtor. The Debtor shall receive a refund of $774.08.

In summary, the court grants fees of $44,969 and expenses of $2,989.24 from the February 7 billing for a total of $47,958.24, which the court finds to be reasonable. The Debtor shall receive a refund of $17,704.50 in fees and $774.08 in expenses, for a total refund of $18,478.50 from the February billing.

### March 20, 1997

### Bill Number Five

On March 20, 1997 Jenkens & Gilchrist submitted its fifth bill to CIT for services rendered during the month of February. The statement billed fees of $60,840.50 and expenses of $5,371.28, for a total billed of $66,211.78. The United States Trustee objected to certain entries as failing to meet the courts' Guideline. Jenkens & Gilchrist billed $23,925 for 87 hours of time worked by C. Gibbs and L. Sartin at $275 per hour. Much of that time is inadequately described or was spent in interoffice conferences not compensable under the Guideline. The court awards fees of $8,205 for 54.78 hours spent by Gibbs and Sartin at $150 per hour. The firm charged CIT $23,925 for these services. In turn, CIT recovered its fees form the Debtor. The Debtor shall receive a refund of $15,720.

The firm billed CIT $1,320 for 6.6 hour of work done by L. Chek at the rate of $200 per hour. The court awards fees of $990 for the 6.6 hours of work done by L. Chek at $150 per hour. CIT paid the firm $1,320 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $330.

Jenkens & Gilchrist billed CIT $31,010 for 88.6 hours of work done by V. Teofan at $350 per hour. The court sustains the objections of the United States Trustee to interoffice conferences and travel charged at the full hourly rate as not compensable under the Guideline. The court grants fees to V. Teofan of $27,300 for 78.6 hours of work at the rate of $350 per hour. CIT paid the firm $31,010 for work done by V. Teofan in February. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $3,710.

The firm charged CIT $4,051.50 for 21.9 hours of work done by M. Held at $185 per hour. The court sustains the objections of the United States Trustee to time charged for interoffice conferences. The court awards fees of $2,925 for 19.5 hours of work at $150 hour. CIT paid Jenkens & Gilchrist $4,051.50 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $1,126.50.

The firm billed CIT for 8.9 hours of work done by A. Seitzler at $60 per hour. The court sustains the objections of the United States Trustee to entries which are for secretarial work at $60 per hour. The court awards fees of $216 for 3.6 hours of work done. CIT paid the firm $534 for this work. In turn, CIT recovered its fees from the

Debtor. The Debtor shall receive a refund of $318.

Jenkens & Gilchrist charged CIT $5,371.28 for expenses incurred in February. The court sustains the United States Trustee's objections to all charges made for Federal Express deliveries, for courier service, and for after hours and overtime work as outside the courts' Guideline. The court awards expenses in the amount of $4,347.25. CIT paid expenses of $5,371.28 and, in turn, recovered their expenses from the Debtor. The Debtor shall receive a refund of $1,024.03.

In summary, the court grants an award of fees for February in the amount of $39,636 and expenses for February in the amount of $4,347.25 for a total awarded for the March 20 billing of $43,983.25, which the court finds reasonable. The Debtor shall receive a refund of $21,204.50 in fees and $1,024.03 in expenses, for a total of $22,228.53 from the March bill.

### April 3, 1997

### Bill Number Six

On April 3, 1997 Jenkens & Gilchrist submitted its sixth bill to CIT for services rendered during March. The statement billed for fees of $37,203.50 and expenses of $3,329.78 for a total of $40,533.28. The United States Trustee objected to certain entries as failing to meet the courts' Guideline. Jenkens & Gilchrist billed CIT $12,355 for 35.3 hours of V. Teofan's time at $350 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences and for travel at the full hourly rate. The court awards fees of $10,500 for 30 hours of work at $350 per hour. CIT paid the firm $12,355 for these fees. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $1,855.

The firm charged CIT $15,482.50 for 56.3 hours of C. Gibb's time at $275 per hour. The court sustains the objections of the United States Trustee to time charged for interoffice conferences, for time inadequately described, and for travel billed at the full hourly rate as being outside the courts' Guideline and not compensable. The court awards fees of $7,050 to Mr. Gibbs for 47 hours at an hourly rate of $150. CIT paid Jenkens and Gilchrist $15,482.50 in fees for that time. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $8,432.50.

The firm billed CIT for $7,030 for 38.0 hours worked by M. Held at $185 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences. The court awards $5,145 in fees for 34.3 hours of work done by M. Held at $150 per hour. CIT paid Jenkens & Gilchrist $7,030 for that work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $1,885.

The firm billed CIT $486 for 8.1 hours of work done by A. Seitzler at the rate of $60 per hour. The court sustains the objections of the United States Trustee for secretarial work performed at paralegal rates. The court awards fees of $258 for 4.3 hours of work done by A. Seitzler at $60 per hour. CIT paid Jenkens & Gilchrist $486 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $228.

The firm billed CIT for $1,625 for 6.5 hours of work by A. Jillson at $250 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences. The court awards $738 for 4.9 hours of work by A. Jillson at $150 per hour. CIT paid the firm fees of $1,625 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $890.

Jenkens & Gilchrist billed CIT $225 for 1.5 hours of work done by S. Frieze at $150 per hour. The court awards fees of $225 for this work.

The firm billed CIT $3,329.78 for expenses incurred during the month of March. The court sustains the objections of the United States Trustee to all charges billed for Federal Express delivery, for research fees, for binding materials, and for courier services. The court awards expenses of $3,136.83. CIT paid Jenkens & Gilchrist $3,329.78 for these expenses. In turn, CIT recovered its expenses from the Debtor. The Debtor shall receive a refund of $192.95.

In summary, the court grants an award of fees in the amount of $23,913 and expenses of $3,136.83 for a total award of $27,049.83 from the April 3 billing, which the court finds to be reasonable. The Debtor shall receive a refund of $13,290.50 in fees and $192.95 in expenses from the April bill.

## May 7, 1997

### Bill Number Seven

On May 7, 1997 Jenkens & Gilchrist sent CIT its seventh bill for services rendered during April. The bill showed fees of $50,131.50 and expenses of $2,856.72 for a total billed of $52,988.22. The United States Trustee objected to certain entries as failing to meet the courts' Guideline. Jenkens & Gilchrist billed $22,880 for 83.2 hours of time expended by C. Gibbs and L. Sartin at $275 per hour. The court sustains the objections of the United States Trustee to time charged for interoffice conferences and time charged in which the entries are to vague for the court to know whether the charges are reasonable or not. The court finds reasonable and grants fees to L. Sartin and C. Gibbs of $10,005 for 66.7 hours of time at the rate of $150 per hour. CIT paid the firm $22,880 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $12,875.

Jenkens & Gilchrist billed CIT $4,000 for 16 hours of work performed by A. Jillson at $250 per hour. The court sustains the objections of the United States Trustee to time charged for interoffice conferences as not compensable under the Guideline. The court awards $1,725 in fees to A. Jillson for 11.5 hours of work done at $150 per hour. CIT paid the firm $4,000 for this work. In turn, it recovered its fees from the Debtor. The Debtor shall receive a refund of $2,275.

Jenkens & Gilchrist billed CIT for $11,305 for 32.3 hours of work done by V. Teofan at $350 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences and for travel time billed at the full hourly rate as not compensable under the Guideline. The court awards fees in the amount of $8,400 to V. Teofan for 24 hours work at $350 per hour. CIT paid $11,305 for this work and, in turn,

recovered its fees from the Debtor. The Debtor shall receive a refund of

The May 7 statement billed CIT for 36.7 hours of M. Held's time at $185 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences. The court awards fees of $4,875 for 32.5 hours of M. Held's work at the rate of $150 per hour. CIT paid the firm $6,789 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $1,914.50.

Jenkens & Gilchrist billed CIT for $3,885 for 25.9 hours of work performed by S. Frieze. The court sustains the objections of the United States Trustee to time billed for interoffice conferences. The court allows fees in the amount of $3,645 for 24.3 hours of S. Frieze's work at $150 per hour. CIT paid $3,885 for this work. In turn, CIT recovered this amount from the Debtor. The Debtor shall receive a refund of $240.

Jenkens & Gilchrist billed Cit $39 for .3 hours of work performed by M. Allen at $130 per hour. The court finds this reasonable and awards that amount in full.

Jenkens & Gilchrist billed CIT $24 for work performed by M. Nall at $80 per hour. The court finds this charge reasonable and awards the amount in full.

Jenkens & Gilchrist billed CIT $858 for 14.3 hours of work performed by A. Seitzler at $60 per hour. The court sustains the objections of the United States Trustee to billing secretarial-type work at legal assistant rates. The court awards $126 for 2.1 hours of work performed by A. Seitzler at $60 per hour. CIT paid the firm $858 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $732.

The May 7 statement billed CIT $2,856.72 for expenses incurred during April. The court sustains the objections of the United States Trustee to charges made for Federal Express delivery, courier delivery services, after hours work, binding materials and excessive Westlaw research, none of which are compensable under the courts' Guideline. The court awards expenses in the amount of $2,131.05. CIT paid Jenkens & Gilchrist

$2,856.72 for April expenses. In turn, CIT recovered its expenses from the Debtor. The Debtor shall receive a refund of $725.67.

In summary, the court grants an award of fees in the amount of $29,190 and expenses in the amount of $2,131.05, for a total award of $31,321.05. The Debtor shall receive a refund of $20,941.50 in fees and $725.67 in expenses, for a total refund of $21,667.17 from the May 7 bill.

### June 4, 1997

### Bill Number Eight

On June 4, 1997 Jenkens & Gilchrist submitted its eighth bill to CIT for services rendered during May. The bill showed fees of $40,359 and expenses of $2,300.64. The United States Trustee objected to certain entries as failing to meet the courts' Guideline. Jenkens & Gilchrist billed CIT $20,707.50 for 75.3 hours of work performed by C. Gibbs and L. Sartin at the rate of $275 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences and to entries too vague to determine what was done and whether the time spent doing it was reasonable or not. The court allows fees in the amount of $10,050 for 67 hours work performed by C. Gibbs and L. Sartin at $150 per hour. CIT paid $20,707.50 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $10,657.50.

The June 4 statement billed CIT $1,225 for 4.9 hour of work performed by A. Jillson at $250 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences, which time is not compensable, under the Guideline. The court awards fees in the amount of $495 for 3.3 hours of work performed by A. Jillson at the rate of $150 per hour which the court finds to be reasonable. CIT paid $1,225 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $730.

Jenkens & Gilchrist billed CIT $11,165 for 31.9 hours of work performed by V. Teofan at $350 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences. The court awards fees to V. Teofan in the amount of $9,520 for 27.2 hours at $350 per hour. CIT paid the firm $11,165 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of

Jenkens & Gilchrist billed CIT for $39 for .2 hour of work performed by L. Carroll at $195 per hour. This work consisted entirely of an interoffice conference. The court awards no fees to L. Carroll. CIT paid $39 for this work. In turn, CIT recovered this fee from the Debtor. The Debtor shall receive a refund of $39.

The June 4 statement billed CIT $999 for 5.4 hours of work performed by M. Held at $185 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences. The court awards fees in the amount of $705 for 4.7 hours of work performed by Mr. Held at $150 per hour. CIT paid $999 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $294.

Jenkens & Gilchrist billed CIT for $300 for work performed by S. Frieze at $150 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences which is not within the scope of the courts' Guideline and, therefore, is not compensable. The court awards fees of $105 for .7 of time at $150 per hour. CIT paid the firm $300 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $195.

The June 4 statement billed CIT for $649 for 5.9 hours of work performed by D. Buckner and G. Hausdorf at $110 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences. The court awards fees of $572 for 5.2 hours of work performed by Buckner and Hausdorf. CIT paid Jenkens & Gilchrist $649 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $77.

Jenkens & Gilchrist billed CIT for $2,067 for 15.9 hours of work performed by M. Allen at $130 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences which

is not compensable under the Guideline. The court awards fees in the amount of $1,898 for this work. CIT paid the firm $2,067. In turn, CIT recovered this amount from the Debtor. The Debtor shall receive a refund of $169.

The June 4 statement billed CIT $37.50 for .5 hours of work performed by D. Dollinger. The court finds this reasonable and awards the full amount.

Jenkens & Gilchrist billed CIT $2,828 for 40.4 hours of work performed by B. Hersh at $70 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences. The court awards fees of $2,555 to B. Hersh. CIT paid $2,828 to the firm for this work. In turn, CIT recovered that fee from the Debtor. The Debtor shall receive a refund of $273.

The June 4 statement billed CIT for $342 for 5.7 hours of work done by A. Seitzler at $60 per hour. The court sustains the objections of the United States Trustee to time billed for secretarial work at legal assistant rates. The court awards fees of $162 to A. Seitzler. CIT paid $342 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $180.

Jenkens & Gilchrist billed CIT $2,300.64 for expenses incurred during the month of May. The court sustains the objections of the United States Trustee to expenses incurred for Federal Express charges, courier delivery, and overtime as not compensable under the court's Guidelines. The court awards expenses in the amount of $1,582.37. CIT paid $2,300.64 for these expenses. In turn, CIT recovered its expenses from the Debtor. The Debtor shall receive a refund of $718.27.

In summary, the court awards fees in the amount of $26,099.50 and expenses of $1,582.37, for a total of $27,681.87, which the court finds reasonable. The Debtor shall receive a refund of $14,259.50 in fees and $718.27 in expenses, for a total of $14,977.77 from the June 4 statement.

### June 23, 1997

### Bill Number Nine

On June 23, 1997 Jenkens & Gilchrist submitted its ninth bill to Cit for services rendered earlier in the month. The bill included fees of $27,868.50 and expenses of $4,683.37 for a total billed of $32,551.87. The United States Trustee objected to certain entries as failing to meet the courts' Guideline. Jenkens & Gilchrist billed $14,437.50 for 52.5 hour of time worked by L. Sartin and C. Gibbs at $275 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences. The court awards $6,615 in fees for $44.1 hours work at $150 per hour. CIT paid the firm $14,437.50 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $7,82.50

The firm billed CIT $50 for .2 hours of A. Jillson's time at $250 per hour. The court sustains the objection of the United States Trustee to time billed for interoffice conferences which are not compensable under the Guideline. The court disallows A. Jillson's fees in their entirety. CIT paid $50 for this time. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $50.

Jenkens & Gilchrist billed CIT $6,300 for 18 hours of work done by V. Teofan at $350 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences. The court awards fees in the amount of $4,900 for 14 hours of work at $350 per hour. CIT paid the firm $6,300 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $1,400.

The June 23 statement billed CIT for $222 for 1.2 hours of work performed by M. Held at $185 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences. The court awards fees in the amount of $120 for .8 hours of work at $150 per hour. CIT paid the firm $222 for this work. In turn, CIT recovered that amount from the Debtor. The Debtor shall receive a refund of $102.

The firm billed CIT $3,825 for 25.5 hours of work performed by J. Blair and S. Frieze at $150 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences. The court awards fees in the amount of $3,375 for 22.5 hours of work done at $150 per hour.

CIT paid Jenkens & Gilchrist $3,825 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $450.

Jenkens & Gilchrist billed CIT for $2,343 for 21.3 hours of work performed by D. Buckner and G. Hausdorf at $110 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences. The court awards fees of $1,507 for 13.7 hours of work done at $110 per hour. CIT paid the firm $2,343 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of

The court finds the $361 in time charged by S. Maleski and the $252 in time charged by B. Hersh reasonable and sustains their fees in full.

The June 23 statement billed CIT $78 for time worked by A. Seitzler. The court sustains the objection of the United States Trustee to time charged for secretarial work at legal assistant rates as not compensable under the courts' Guideline. The court denies these charges in full. CIT paid $78 to Jenkens & Gilchrist for these services. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $78.

The firm charged $4,683.37 for expenses incurred during June. The court sustains the objections of the United States Trustee to charges billed for courier delivery services, and Federal Express delivery as not compensable under the Guideline. The court awards expenses of $4,458.36. CIT paid the firm $4,683.37 for expenses. In turn, CIT recovered its expenses from the Debtor. The Debtor shall receive a refund of $225.01.

In summary, the court grants an award of fees in the amount of $17,130 and expenses of $4,458.36 from the June 23 billing for a total award of $21,588.36, which the court finds reasonable. The Debtor shall receive a refund of $10,738.50 in fees and $225.01 in expenses for a total refund of $10,963.51.

### July 9, 1997

### Bill Number Ten

On July 9, 1997 Jenkens & Gilchrist submitted its tenth bill to CIT for services rendered during the balance of June. The statement billed $11,040.79 in fees and $2,353.24 for expenses incurred during that period. The United States Trustee maintains its objections to certain entries as failing to meet the courts' Guideline. Jenkens & Gilchrist billed $4,647.50 at the rate of $275 per hour for 16.9 hours of time expended by C. Gibbs and L. Sartin. The court sustains the objections of the United States Trustee to time for which an inadequate description of the work is given, thereby making it impossible to determine whether the work done was reasonable or not. The court also sustains the objections of the United States Trustee to time charged for interoffice conferences which is not compensable under the Guideline. The court awards fees in the amount of $1,035 for 6.9 hours of work performed at $150 per hour. CIT paid the firm $4,647.50 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $3,612.50

The court disallows in full the time charged by W. Bowers at $260 per hour in the amount of $390 since all of that time charged was for interoffice conferences. The court likewise disallows in full the $75 charged by A. Jillson for .3 hours at $250 per hour since that time, too, was charged for an interoffice conference.

The July 9 bill charged CIT $280 for .8 hours of work performed by V. Teofan at the rate of $350 per hour. The court deducts .1 hour as not compensable for an interoffice conference. The court awards V. Teofan $245 for .7 hours work at $350 which the court finds reasonable. CIT paid Jenkens & Gilchrist $280 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $35.

The firm charged CIT $2,625 for 17.5 hours of work performed by J. Blair and S. Frieze at $150 per hour. The court sustains the objections of the United States Trustee to time charged for interoffice conferences. The court awards fees in the amount of $2,175 for 14.5 hours of work at $150 per hour which the court finds reasonable. CIT paid Jenkens & Gilchrist $2,625 for this work. In turn, CIT recovered its fees from

the Debtor. The Debtor shall receive a refund of $450.

The July 9 statement billed CIT $1,496 for 13.6 hours of work performed by G. Hausdorf at $110 per hour. The court sustains the objections of the United States Trustee to charges made for time spent in interoffice conferences. The court awards fees in the amount of $1,331 for 12.1 hours of work done at $110 per hour which the court finds reasonable. CIT paid the firm $1,496 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $165.

The firm charged CIT $66 for 1.1 hours of work done by A. Seitzler at $60 per hour. The court denies these fees in full as being for secretarial work done at the legal assistant rate which is not compensable under the courts' Guideline. CIT paid $66 for this work. In turn, CIT recovered that amount from the Debtor. The Debtor shall receive a refund of $66.

The July 9 statement charged CIT for $2,353.24 in expenses incurred. The court disallows $323.77 in charges made for research fees, for overtime, for after hours work, for courier delivery services and for Federal Express delivery as not compensable under the Guideline. CIT paid $2,353.24 for these expenses. In turn, CIT recovered these expenses from the Debtor. The Debtor shall receive a refund of $323.77.

In summary, the court grants an award of $4,786 in fees and $2,029.47 in expenses for a total of $6,815.47, which the court finds reasonable. The Debtor shall receive a refund of $4,793.50 in fees and $323.77 in expenses for a total refund of $5,117.27 from the July 9 billing.

### August 8, 1997

### Bill Number Eleven

On August 8, 1997 Jenkens & Gilchrist submitted its eleventh bill to CIT for July services rendered. The bill charged for fees of $3,168.50 and expenses in the amount of $2,215.37. The court deducts time spent in interoffice conferences and for work done for which the description is so vague that the court cannot determine its reasonableness. Jenkens & Gilchrist billed $1,732.50 for 6.3

hours of C. Gibbs work done at $275 per hour. The court allows $510 for 3.4 hours of work done at $150 per hour. CIT paid $1,732.50 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $1,222.50.

The firm billed CIT for $198 for .9 hours of work done by P. Musselman, Jr. at $220 per hour. The court awards fees of $135 for .9 hours of work at $150 per hour. CIT paid the Jenkens & Gilchrist $198 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $63.

The court awards $240 to M. Held for 1.6 hours of work done at $150 per hour. CIT paid $296 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $56.

Jenkens & Gilchrist charged CIT $660 for 6.0 hours of work performed by G. Hausdorf at $110 per hour. The court deducts time spent in interoffice conferences as not compensable under the courts' Guideline and awards fees of $440 for 4 hours of work at $110 per hour. CIT paid the firm $660 for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $220.

The August 6 bill charged CIT $270 for 3.0 hours of work performed by S. Bukovac at the rate of $90 per hour. The court deducts time charged for interoffice conferences and awards a fee of $180 for 2 hours at $90 per hour. CIT paid Jenkens & Gilchrist $270 for this time. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $90.

The court disallows in full the time charged by A. Seitzler as not compensable under the Guideline since it is secretarial time charged at legal assistant rates.

The August 8 bill charged CIT $2.215.37 for expenses incurred during July. The court deducts $266.33 for charges made for research fees, courier delivery service and Federal Express deliveries which at not compensable under the Guideline. CIT paid the firm $2,215.37 for these expenses. In turn,

CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $266.33.

In summary, the court awards fees in the amount of $1,505 and expenses of $1,949.04 for a total award of $3,454.04, which the court finds reasonable. The Debtor shall receive a refund of $1,663.50 in fees and $266.33 in expenses, for a total refund of $1,929.83

### September 4, 1997

### Bill Number Twelve

On September 4, 1997 Jenkens & Gilchrist billed CIT for fees in the amount of $6,190 and expenses of $287.89 incurred through August 31, 1997. The United States Trustee objected to certain entries as failing to meet the courts' Guideline. The firm billed CIT for $4,867.50 for 17.7 hours of C. Gibbs time at $275 per hour. The court sustains the objections of the United States Trustee to entries for interoffice conferences and for travel at the full hourly rate. The court allows in the amount of $2,430 for 16.2 hours of C. Gibbs' time at $150 per hour. CIT paid the firm as billed. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $2,437.50.

Jenkens & Gilchrist billed CIT the amount of $795.50 for 4.3 hour of M. Held's time at $185 per hour. The court sustains the objections of the United States Trustee to entries reflecting interoffice conferences. The court awards fees of $585 for 3.9 hours of work billed by M. Held at $150 per hour. CIT paid for the work as billed. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $210.50.

CIT paid the firm $375 for 3.4 hours of G. Hausdorfs time at $110 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences which is not compensable under the Guideline. The court awards $176 for 1.6 hours of work by G. Hausdorf at $110 per hour. CIT paid for this work as billed. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $198.

Jenkens & Gilchrist billed CIT $63 for .7 hours of work done by S. Bukovac at $90 per hour. The court sustains the objections of the United States Trustee to time billed for inter-office conferences. The court allows fees of $27 for .3 hours at $90 per hour. CIT paid this fee in full. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $36.

The firm billed CIT $90 for 1.5 hours of work performed by A. Seitzler at $60 per hour. The court sustains the objections of the United States Trustee to entries for secretarial work done at legal assistant rates. The court awards fees of $48 for .8 hours of work done by A. Seitzler at $60 per hour. CIT paid in full for this work as billed. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $42.

Jenkens & Gilchrist billed CIT for expenses of $287.89. The court awards expenses of $273.95. The court sustains the objections of the United States Trustee to charges made for Federal Express deliveries in the amount of $23.94 which are not compensable under the courts' Guideline without a showing of some necessity. CIT paid these expenses in full as billed. In turn, CIT collected these expenses from the Debtor. The Debtor shall receive a refund of $23.94.

In summary, the court awards fees of $3,266 and expenses of $263.95 from the September 4 billing for a total of $3,529.95, which the court finds is reasonable. The Debtor shall receive a refund of $2,924 in fees and $23.94 in expenses, for a total refund of $2,947.94 from the September 4 bill.

### October 3, 1997

### Bill Number Thirteen

On October 3, 1997 Jenkens & Gilchrist sent CIT its final bill which charged $1,575.50 for fees and $1,659.50 for expenses incurred through September 30. The United States Trustee objected to certain entries as failing to meet the courts Guidelines. The firm billed $440 for 1.6 hours of time spent by C. Gibbs at $275 per hour. The court

sustains the objections of the United States Trustee to time billed for interoffice conferences and for time billed for which the description provided is insufficient to determine whether the work done was reasonable or not. The court awards fees in the amount of $120 for .8 hours of work done at $150 per hour. CIT paid as billed for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $320.

The firm billed $277.50 for 1.5 hours of work performed by M. Held at the rate of $185 per hour. The court allows the time billed in full, but at the rate of $150 per hour. The court awards fees of $225 to M. Held. CIT paid as billed for this work. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $52.50.

The firm billed CIT $858 for 7.8 hours of work performed by G. Hausdorf at $110 per hour. The court sustains the objections of the United States Trustee to time billed for interoffice conferences which is not compensable under the Guideline. The court awards fees of $836 for 7.6 hours of work performed by G. Hausdorf at $110 per hour. CIT paid in full for these services as billed. In turn, CIT recovered its fees from the Debtor. The Debtor shall receive a refund of $22.

CIT paid expenses of $1,659.50 to Jenkens & Gilchrist as set forth in the October 3 statement. The court sustains the objections of the United States Trustee to expenses charged for courier services, Federal Express deliveries and overtime which are not compensable under the courts' Guideline. The court awards expenses of $1,529.65. CIT paid in full as billed for these expenses. In turn, CIT recovered its expenses from the Debtor. The Debtor shall receive a refund of $129.85.

In summary, the court awards fees of $1,181 and expenses of $1,529.65, for a total of $2,710.65 for work done and expense incurred through September 30, 1997 which the court finds is reasonable. The Debtor shall receive a refund of $394.50 in fees and $129.85 in expenses for a total of $524.35 from the October 3 bill.

## SUMMARY OF FEES AND EXPENSES TO BE AWARDED AND REFUNDED

## SUMMARY OF FEES AND EXPENSES TO BE AWARDED AND REFUNDED

| | Amount Billed | Amount Allowed | Refund |
|---|---|---|---|
| **Bill 1 (11–8)** | | | |
| Fees | 53,303 | 26,995 | 26,308 |
| Expenses | 1,972.55 | 1,823.05 | 149.50 |
| TOTAL | 55,275.55 | 28,818.05 | 26,457.50 |
| **Bill 2 (12–8)** | | | |
| Fees | 21,271.50 | 15,655.50 | 5,616 |
| Expenses | 2,665.17 | 2,457.67 | 207.50 |
| TOTAL | 23,936.67 | 18,113.17 | 5,823.50 |
| **Bill 3 (1–14)** | | | |
| Fees | 29,815 | 23,989 | 5,826 |
| Expenses | 2,443.65 | 2,982.44 | 361.21 |
| TOTAL | 32,258.65 | 26,071.44 | 6,187.21 |
| **Bill 4 (2–7)** | | | |
| Fees | 62,673.50 | 44,969 | 17,704.50 |
| Expenses | 3,763.32 | 2,989.24 | 774.08 |
| TOTAL | 66,211.78 | 47,958.24 | 18,478.58 |
| **Bill 5 (3–20)** | | | |
| Fees | 60,840.50 | 39,636 | 21,204.50 |
| Expenses | 5,371.28 | 4,347.25 | 1,024.03 |
| TOTAL | 66,211.78 | 43,983.25 | 22,228.52 |
| **Bill 6 (4–3)** | | | |
| Fees | 37,203.50 | 23,913 | 13,290.50 |
| Expenses | 3,329.78 | 3,136.83 | 192.95 |
| TOTAL | 40,533.28 | 27,049.83 | 13,383.45 |
| **Bill 7 (5–7)** | | | |
| Fees | 50,131.50 | 29,190 | 20,941.50 |
| Expenses | 2,856.72 | 2,131.05 | 725.67 |
| TOTAL | 52,988.22 | 31,321.05 | 21,667.17 |
| **Bill 8 (6–4)** | | | |
| Fees | 40,359 | 26,099.50 | 14,259.50 |
| Expenses | 2,300.64 | 1,582.37 | 718.27 |
| TOTAL | 42,659.64 | 27,681.87 | 14,977.77 |
| **Bill 9 (6–23)** | | | |
| Fees | 27,868.50 | 17,130 | 10,738.50 |
| Expenses | 4,683.37 | 4,458.36 | 225.01 |
| TOTAL | 32,551.87 | 21,588.36 | 10,963.51 |
| **Bill 10 (7–9)** | | | |
| Fees | 9,579.50 | 4,786 | 4,793.50 |
| Expenses | 2,353.24 | 2,029.47 | 323.77 |
| TOTAL | 11,932.24 | 6,815.47 | 5,117.27 |
| **Bill 11 (8–8)** | | | |
| Fees | 3,168.50 | 1,505 | 1,663.50 |
| Expenses | 2,215.37 | 1,949.04 | 266.33 |
| TOTAL | 5,383.87 | 3,454.04 | 1,929.83 |
| **Bill 12** | | | |

(9–4)

| | | | |
|---|---|---|---|
| Fees | 6,190 | 3,266 | 2,924 |
| Expenses | 287.89 | 263.95 | 23.94 |
| TOTAL | 6,477.89 | 3,529.95 | 21,947.94 |

Bill 13
(10–3)

| | | | |
|---|---|---|---|
| Fees | 1,575.50 | 1,181 | 394.50 |
| Expenses | 1,659.50 | 1,529.65 | 129.85 |
| TOTAL | 3,235.00 | 2,710.65 | 524.35 |

| TOTAL FEES BILLED | TOTAL FEES ALLOWED | REFUND |
|---|---|---|
| $403,979.50 | $258,315 | $145,664.50 |

| TOTAL EXPENSES BILLED | TOTAL EXPENSES ALLOWED | REFUND |
|---|---|---|
| $ 35,902.48 | $ 30,780.37 | $ 5,122.11 |

| | |
|---|---|
| TOTAL FEES & EXPENSES BILLED | $439,881.98 |
| TOTAL FEES & EXPENSES ALLOWED | $289,095.37 |
| TENTATIVE REFUND | $150,786.61 |

After minor credits in two of the bills, CIT's fee request was for $438,990.03. However, CIT collected $489,194.34 for attorney's fees and expenses from the reorganized debtor. CIT did not present an explanation for the difference, so it must be disallowed. CIT collected $489,194.34. The court allowed $289,095.37. Consequently, CIT must refund with interest, the difference of $200,098.97 to the reorganized debtor.

## Over All Approach

■ In reviewing a fee application, it is a good idea to step away from the trees and view the entire forest—to see how the fee application under consideration fits in with the other fees and expenses in the case. This case involved four separate debtors, thereby necessitating a separate attorney for each debtor. The attorneys coordinated their efforts and did an excellent job without duplicating services. Anderson Grain Corporation needed a second attorney with expertise in its particular business in order to handle the disposition of its assets. The total fees and expenses allowed for those five law firms was $282,953.86. CIT initially charged the sum of $489,194.34 to the reorganized debtor for attorney's fees and attorney's expenses which was approximately 170% of the amount paid to the debtors' attorneys. Most of the work in a Chapter 11 case is done by the debtor's attorneys. Consequently, the fact that CIT's attorneys wanted much more than the total paid to the debtors' attorneys raises serious questions as to the reasonableness of CIT's fee request. It was by far the largest creditor, but it claimed a lien on all of the assets of all of the debtors.

There was a contest concerning the validity of some of CIT's security interests but, as explained above, CIT's request for attorney's fees related to that matter was a relatively modest amount and the court disallowed those fees. Certainly, CIT's interest had to be protected and CIT needed attorneys to do that but, under the circumstances of this case, that was not a particularly challenging or time-consuming assignment. The Debtor initially proposed an orderly liquidation in Chapter 11. CIT agreed. When the first bids for the assets of Anderson Grain were not as high as CIT wished, CIT insisted, and the debtors agreed, on an auction by an auctioneer selected by CIT. The bulk of the Anderson Grain and Sunmark assets were sold through that auction. When the offers for the assets of Zip and Pax were not as high as CIT wished, a plan of reorganization involving the merger of the four debtors was proposed. CIT provided post confirmation financing. Thus from the beginning of the case, all parties were working toward a reduction of the indebtedness to CIT.

Based on the lodestar analysis, the court allowed CIT to recover attorney's fees and expenses in the amount of $289,095.37 from the reorganized debtor, which more closely approximates the total fees allowed to the debtors' attorneys. Thus, in the over all analysis, the fees and expenses which CIT is allowed to recover represent a reasonable charge to the debtor for those services. As noted above, the court is not attempting to dictate the fee arrangements between CIT and its attorneys; the court is only determining what fees and expenses may be passed on to the reorganized debtor.

## Conclusion

Subsequent to the hearing on this matter, the reorganized debtor secured financing from another source and paid off its obligations to CIT. The fees and expenses in question were charged by CIT to the reorganized debtor at various times during the last half of 1997. The final charge was made on December 23, 1997. CIT charged the reorganized debtor interest at the rate of 10.5%

per annum.[7] Therefore the reorganized debtor, Zipp Industries, Inc.[8] will have a judgment against CIT for $200,098.97 with interest from December 23, 1997 at the rate of 10.5% per annum until paid.

JUDGMENT ACCORDINGLY.[9]

---

7. Letter from Mr. Tarbox, April 20, 1998.

8. See: Final Confirmed Plan, page 43.

9. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to FED. R.BANKR.P. 7052 which is made applicable to Contested Matters by FED R.BANKR.P. 9014. This Memorandum will be published.